IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Robin Ackerman | : | CIVIL ACTION |
| v. | : | |
| Hillenbrand, Inc. and Health Design Plus, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

| | Michael S. Levin | _(signature)_ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215-953-5200 | 215-953-5214 | Michael@flagerlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Ripley**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael S. Levin, Flager & Associates, PC, 1210 Northbrook Drive, Suite 280, Trevose, PA 19053; 215-953-5200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☒ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 1132(c)

Brief description of cause:
Erisa Penalty Claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 11/14/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __4257 Milords Lane, Doylestown, PA  18920__

Address of Defendant: __One Batesville Boulevard, Batesville, IN  47006 / 1755 Georgetown Road, Hudson, OH  44236__

Place of Accident, Incident or Transaction: __Bucks County, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/14/18__   _____[signature]_____   __78463__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
    *(Please specify):* __Erisa__

B. *Diversity Jurisdiction Cases:*
- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBIN ACKERMAN** : | **CIVIL ACTION** |
| 4257 Milords Lane : | |
| Doylestown, PA 18902 : | |
|                 Plaintiff : | |
| **v.** : | |
| : | |
| **HILLENBRAND, INC.** : | |
| One Batesville Boulevard : | |
| Batesville, IN 47006 : | |
|    and : | |
| **HEALTH DESIGN PLUS, INC.** : | |
| 1755 Georgetown Road : | |
| Hudson, OH 44236 : | |

## COMPLAINT UNDER ERISA SECTION 502(c)

1. Plaintiff, Robin Ackerman, is an adult individual and citizen and resident of the Commonwealth of Pennsylvania, residing therein at 4257 Milords Lane, Doylestown, PA 18902.

2. Defendant, Hillenbrand, Inc. ("Hillenbrand") is a foreign business corporation, authorized to conduct business within the Commonwealth of Pennsylvania, and maintaining its principal place of business at One Batesville Boulevard, Batesville, IN 47006.

3. Defendant, Health Design Plus, Inc. ("HDP") is a foreign business corporation, authorized to conduct business within the Commonwealth of Pennsylvania and maintaining its principal place of business at 1755 Georgetown Road, Hudson, OH 44236.

4. At all times relevant hereto, defendant Hillenbrand was the named plan sponsor and designated administrator of one certain employee benefits plan, designated as the "Hillenbrand, Inc. Welfare Plan", which was an employee benefit plan qualified under and operating pursuant

to the terms of the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

5. At all times relevant hereto, defendant HDP was the "administrative services only" ("ASO") contractor, and effectively the *de facto* administrator of the "Hillenbrand, Inc. Welfare Plan" ("the Plan"), which was an employee benefit plan qualified under and operating pursuant to the terms of the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and, in connection therewith, was responsible for the administration, processing and payment of medical benefits claims, as well as overseeing and administrating subrogation and reimbursement claims asserted against Plan beneficiaries.

6. At all times relevant hereto, Plaintiff, Robin Ackerman, was an eligible beneficiary and participant of the Plan.

7. Following an incident which occurred on December 9, 2011 in which Plaintiff sustained injuries, some of Plaintiff's medical bills were paid by the Plan.

8. Subsequently, on or about July 11, 2017, defendants Hillenbrand and HDP asserted a subrogation and/or reimbursement lien against the proceeds of a civil action for bodily injuries in what was represented to be the final amount of $8,450.13, communicating its lien demand through a third-party vendor doing business as Socrates, Inc..

9. In an attempt to determine the nature, extent and validity of the subrogation claim asserted by Socrates, Inc. on behalf of defendants Hillenbrand and HDP, Plaintiff sent a written request for Plan documentation to Socrates, Inc. on September 27, 2017, a true and correct copy of which is attached hereto as Exhibit "A".

10. After receiving no response from Socrates, Inc. in reference to her written request for

Plan documents, Plaintiff sent an identical request directly to the designated administrator of the Plan, defendant Hillenbrand, on January 2, 2018. A true and correct copy of the same is attached hereto as Exhibit "B".

11. On or about May 9, 2018, defendants Hillenbrand and HDP provided a partial response to Plaintiff's written request for Plan documents, by providing an itemized list of payments comprising the asserted lien, a Form 5500 filing for the Plan, and a Summary Plan Description. The balance of the documents requested were not provided and remain outstanding.

12. Section 104(b)(4) of the Employee Retirement Income Security Act ("ERISA") provides that the plan administrator shall, "upon written request of any participant or beneficiary, furnish a copy of . . . instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4).

13. Further, ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), as supplemented by current Federal Regulations, provides that if the administrator fails to comply with such a request within 30 days, the court is authorized to award damages to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, or order other such relief as the court deems proper.

14. The documents which may be requested and which must be furnished upon the written request of a Plan beneficiary or participant include "a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

15. The Plaintiff's written request sought documents within the scope of ERISA §104(b)(4) which defendant failed to provide, even in part, until 224 days of the initial request to Socrates, Inc. and 127 days after the second request sent directly to defendant Hillenbrand.

16. Since the documents requested by the Plaintiff, a participant in and beneficiary of the Plan were not timely provided, the defendants are liable for penalties to the Plaintiff pursuant to ERISA Section 502(c)(1)(B).

WHEREFORE, Plaintiff respectfully requests judgment in her favor in an amount equal to One Hundred Dollars ($100.00) per day for each day that the Defendants failed to comply with the Plaintiff's written request, or such other *per diem* penalty that the court deems appropriate under the circumstances, together with reasonable attorney fees and costs of suit.

Respectfully submitted,

Michael S. Levin, Esquire
Attorney ID No. 78463
Flager & Associates, P.C.
1210 Northbrook Drive, Suite 280
Trevose, PA 19053
Telephone: 215.953.5200
Facsimile: 215.953.5214
michael@flagerlaw.com

# EXHIBIT A



| | RANDALL C. FLAGER*<br>EDWARD J. ZANINE*<br>ADAM D. FLAGER* | LEGAL ASSISTANTS<br><br>SHERRY D. BROOKS<br>DONNA PECILLO | One Northbrook Corporate Center<br>1210 Northbrook Drive, Suite 280<br>Trevose, PA 19053 |
|---|---|---|---|
| **Flager & Associates, PC**<br>A Professional Corporation<br>ATTORNEYS AT LAW | COUNSEL TO THE FIRM<br>HARVEY A. SERNOVITZ | KIM DWYER, RN<br>TERRI SNEAD<br>LISA TOKMAJIAN<br><br>* Member of NJ & PA Bars | (215) 953-5200 • FAX: (215) 953-5214<br><br>1-888-470-1099<br>mail@FlagerLaw.com<br>www.FlagerLaw.com |

September 27, 2017

Via Fax 412-278-5861
Socrates, Inc.
Attn.: Jessica Pierce

  RE: Robin Ackerman v. Melissa Ventresca, et al.
    ID #BYC00000112102

Dear Ms. Pierce,

  Kindly accept this in response to your assertion of a demand for repayment of your lien against our client's recovery for the personal injuries she suffered as a result of an accident. You are aware that we can represent only our client and we cannot represent your interests.

  As a general principle of law, it is necessary for Socrates to authenticate the lawfulness and propriety of the Plans subrogation rights and its purported lien.

  Accordingly, I respectfully require that you advise and also forward certified copies in response to the following:

  1. Please advise as to whether you assert that the Plain is self-funded plan and/or is entitled to statutory reimbursement and/or has a reimbursement provision in the Plan.

  2. The exact name and address of the Plan.

  3. A certified copy of the complete Plan Document for the  Health Plan in effect on the date of the loss and all such documents issued subsequently during any year in which benefits were paid to/on behalf of claimant/beneficiary.

  4. Any document amending, supplementing, or otherwise modifying the Plan Document for the year preceding the date of the loss through the current year.

  5. Certified copies of any Summary Plan Description and employee benefits booklet in effect at the time of injury and all such documents issued subsequently during any year in which benefits were paid to/on behalf of claimant/beneficiary.



Flager & Associates, PC
A Professional Corporation
ATTORNEYS AT LAW

6. Any SPD Wrap Document in effect at the time of injury, and all such documents issued subsequently during any year in which the benefits were paid to or on behalf of claimant or beneficiary.

7. Copy of the Administrative Services Contract between the Employer under the Plan and the Plan Insurer/Claims Administrator in effect on the date of loss of 12/09/2011 and all subsequent Administrative Services Contract documents to the present.

8. Copies of all Plan contracts including, but not limited to: Insurance Contracts, Stop Loss Contracts, Health Insurance Contracts, Insurance Intermediary Services Contracts, and Administrative Services Contracts servicing Pennsylvania participants for the years 2011 to the present.

9. Complete Bargaining Agreement, Trust Agreement, Contract or other instrument under which the Health Plan is established, together with any documents amending, supplementing, or otherwise modifying the same with regard to repayment/subrogation since the establishment date until the present.

10. The legal and contractual bases for your client's lien. By way of exemplification and not in limitation, if you premise your demand on the plan's status as an ERISA plan, in accordance with 29 U.S.C. §§1129(c) and the US Department of Labor Regulations, I am requesting that Socrates and Health Design Plus deliver to us the following documents:

    a. The document(s) which grants any authority from the plan sponsor or plan administrator to make decisions as a plan fiduciary as that term is defined under 29 U.S.C. 1105(c), under the Short Term Disability Plan, Long Term Disability ("LTD") Plan and Health Insurance Plan;

    b. The Summary Plan Description and the Plan documents for the year preceding the date of the subject accident and the year of the subject motor vehicle accident. Under §§ 502 of ERISA, the failure to provide those documents that are required to be disclosed as a matter of law within thirty (30) days of a written request, subjects the violator to a discretionary $110.00 a day penalty for non-compliance, plus in some instances attorneys' fees and related costs. This includes Form 5500, Schedule A and C, summary plan description, certified copy of the policy, plan notifications, IRS filings, etc., that are necessary to perfect the purported lien;



**Flager & Associates, PC**
A Professional Corporation
ATTORNEYS AT LAW

    c. An exact copy of the Plan language in question for the insured member's Plan that was in effect at the time of the accident. No "sample" copies or other such reproductions are accepted;

    d. Pursuant to CFR 2520.102-3 copies of all contracts including, but not limited to: insurance contracts, Stop Loss Contracts, Health Insurance Contracts, Insurance Intermediary Services Contracts, and Administrative Contracts related to Medical Plan serving participants for the year preceding the date of loss through the current year.

    e. Any Trust Agreement or other document establishing the funding for the plan;

    f. Certified copies of the Plan's Annual Return/Report (IRS/DOL Form 5500), including all attached Financial Schedules, for the year including the date of injury, the prior year, and all subsequent years in which benefits were paid to or on behalf of claimant;

    g. The complete Administrative Services Only (ASO) Agreement with any Third-Party Administrator (TPA) for the Plan, including claims processing, funding and reimbursement procedures;

    h. An affidavit from Plan Administrator attesting to self-funded status of the Plan;

    i. All amendments to the Plan Documents and Copies of the SMM (Summary of Material Modifications) statements for the year preceding the subject motor vehicle accident and the year of the subject motor vehicle accident.

11. Any subsequent Subrogation or Reimbursement Agreements signed by my client.

12. A copy of all written policies, memoranda, minutes of meetings and any other written documentation addressing reimbursement or subrogation or enforcement of the same.

13. The amount of the lien claimed by your client as of the date of your response to this letter.

14. Any other documents that define my client's duty to reimburse the plan from his/her recovery; and



**Flager & Associates, PC**
A Professional Corporation
ATTORNEYS AT LAW

15. The percentage by which the purported lien is reduced respective to collection activities and costs.

No claim for subrogation will be recognized absent provision of contractual and legal authority.

Thank you.

Very truly yours,

Edward J. Zanine

EJZ/ts

# EXHIBIT B



| | RANDALL C. FLAGER*<br>EDWARD J. ZANINE*<br>ADAM D. FLAGER*<br>―――――――――<br>COUNSEL TO THE FIRM<br>HARVEY A. SERNOVITZ | LEGAL ASSISTANTS<br><br>SHERRY D. BROOKS<br>DONNA PECILLO<br>KIM DWYER, RN<br>TERRI SNEAD<br>LISA TOKMAJIAN<br><br>* Member of NJ & PA Bars | One Northbrook Corporate Center<br>1210 Northbrook Drive, Suite 280<br>Trevose, PA 19053<br>(215) 953-5200 • FAX: (215) 953-5214<br><br>1-888-470-1099<br>mail@FlagerLaw.com<br>www.FlagerLaw.com |
|---|---|---|---|

A Professional Corporation
ATTORNEYS AT LAW

January 2, 2018

Via Fax 412-278-5861
Hillenbrand, Inc.
One Batesville Blvd
Batesville In 47006
Attn.: Julie J. Joerger

      RE:    Robin Ackerman v. Melissa Ventresca, et al.
              ID #BYC00000112102
              HILLENBRAND, INC. WELFARE PLAN

Dear Ms. Joerger:

      Kindly accept this in response to your assertion of a demand for repayment of your lien against our client's recovery for the personal injuries she suffered as a result of an accident. You are aware that we can represent only our client and we cannot represent your interests.

      As a general principle of law, it is necessary to authenticate the lawfulness and propriety of the Plans subrogation rights and its purported lien.

      Accordingly, I respectfully require that you advise and, also forward certified copies in response to the following:

1. Please advise as to whether you assert that the Plain is self-funded plan and/or is entitled to statutory reimbursement and/or has a reimbursement provision in the Plan.

2. The exact name and address of the Plan.

3. A certified copy of the complete Plan Document for the   Health Plan in effect on the date of the loss and all such documents issued subsequently during any year in which benefits were paid to/on behalf of claimant/beneficiary.

4. Any document amending, supplementing, or otherwise modifying the Plan Document for the year preceding the date of the loss through the current year.

5. Certified copies of any Summary Plan Description and employee benefits booklet in effect at the time of injury and all such documents issued subsequently during any year in which benefits were paid to/on behalf of claimant/beneficiary.

**F&A**
**Flager & Associates, PC**
A Professional Corporation
ATTORNEYS AT LAW

6. Any SPD Wrap Document in effect at the time of injury, and all such documents issued subsequently during any year in which the benefits were paid to or on behalf of claimant or beneficiary.

7. Copy of the Administrative Services Contract between the Employer under the Plan and the Plan Insurer/Claims Administrator in effect on the date of loss of 12/09/2011 and all subsequent Administrative Services Contract documents to the present.

8. Copies of all Plan contracts including, but not limited to: Insurance Contracts, Stop Loss Contracts, Health Insurance Contracts, Insurance Intermediary Services Contracts, and Administrative Services Contracts servicing Pennsylvania participants for the years 2011 to the present.

9. Complete Bargaining Agreement, Trust Agreement, Contract or other instrument under which the Health Plan is established, together with any documents amending, supplementing, or otherwise modifying the same with regard to repayment/subrogation since the establishment date until the present.

10. The legal and contractual bases for your client's lien. By way of exemplification and not in limitation, if you premise your demand on the plan's status as an ERISA plan, in accordance with 29 U.S.C. §§1129(c) and the US Department of Labor Regulations, I am requesting that Hillenbrand, Inc. and Health Design Plus deliver to us the following documents:

   a. The document(s) which grants any authority from the plan sponsor or plan administrator to make decisions as a plan fiduciary as that term is defined under 29 U.S.C. 1105(c), under the Short Term Disability Plan, Long Term Disability ("LTD") Plan and Health Insurance Plan;

   b. The Summary Plan Description and the Plan documents for the year preceding the date of the subject accident and the year of the subject motor vehicle accident. Under §§ 502 of ERISA, the failure to provide those documents that are required to be disclosed as a matter of law within thirty (30) days of a written request, subjects the violator to a discretionary $110.00 a day penalty for non-compliance, plus in some instances attorneys' fees and related costs. This includes Form 5500, Schedule A and C, summary plan description, certified copy of the policy, plan notifications, IRS filings, etc., that are necessary to perfect the purported lien;



Flager & Associates, PC
A Professional Corporation
ATTORNEYS AT LAW

    c. An exact copy of the Plan language in question for the insured member's Plan that was in effect at the time of the accident. No "sample" copies or other such reproductions are accepted;

    d. Pursuant to CFR 2520.102-3 copies of all contracts including, but not limited to: insurance contracts, Stop Loss Contracts, Health Insurance Contracts, Insurance Intermediary Services Contracts, and Administrative Contracts related to Medical Plan serving participants for the year preceding the date of loss through the current year.

    e. Any Trust Agreement or other document establishing the funding for the plan;

    f. Certified copies of the Plan's Annual Return/Report (IRS/DOL Form 5500), including all attached Financial Schedules, for the year including the date of injury, the prior year, and all subsequent years in which benefits were paid to or on behalf of claimant;

    g. The complete Administrative Services Only (ASO) Agreement with any Third-Party Administrator (TPA) for the Plan, including claims processing, funding and reimbursement procedures;

    h. An affidavit from Plan Administrator attesting to self-funded status of the Plan;

    i. All amendments to the Plan Documents and Copies of the SMM (Summary of Material Modifications) statements for the year preceding the subject motor vehicle accident and the year of the subject motor vehicle accident.

11. Any subsequent Subrogation or Reimbursement Agreements signed by my client.

12. A copy of all written policies, memoranda, minutes of meetings and any other written documentation addressing reimbursement or subrogation or enforcement of the same.

13. The amount of the lien claimed by your client as of the date of your response to this letter.

14. Any other documents that define my client's duty to reimburse the plan from his/her recovery; and



**Flager & Associates, PC**
A Professional Corporation
ATTORNEYS AT LAW

15. The percentage by which the purported lien is reduced respective to collection activities and costs.

No claim for subrogation will be recognized absent provision of contractual and legal authority.

Thank you.

Very truly yours,

Edward J. Zarin

EJZ/ts